**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Leigh Ann STEINKOETTER,
Defendant-Appellant.**

No. 78–5331.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 5, 1979.

Decided Feb. 28, 1979.

J. Martin Hadican, St. Louis, Mo., for defendant-appellant.

Albert Jones, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge, and HOGAN,* District Judge.

PER CURIAM.

Defendant in this case appealed from her conviction after jury trial on a charge of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) or aiding and abetting same, 18 U.S.C. § 2. Appellant was sentenced to an eight-year term. A review of this record indicates that while there is ample evidence to support defendant's conviction on the charge recited above, there was countervailing evidence presented to support appellant's claim that her participation in the events constituting the offense was the product of fear and of coercion on the part of her husband.

This court however vacates the judgment of conviction and remands the case for another trial solely on the ground of highly prejudicial prosecutorial misconduct which could have affected the outcome of the trial.

In his opening statement, the U. S. Attorney stated to the jury referring to appellant Steinkoetter:

"She stated that on October 8, 1977, at St. Louis that John Steinkoetter at 3:00 o'clock in the morning had exploded a pipe bomb in their garage, and then she talked about not knowing where he was when there were some other bombings in St. Louis. There were apparently three other bombings that are of course not related to this case, called the South County bombings. One occurred at 7:30 in the morning on October 8 in St. Louis, October 17th, one on November 3rd at 8:30 a. m., called the South County bombings, and I think in two of the bombings people were murdered, and in one seriously injured." (Tr. 7a–8a).

While the first sentence in the quotation above might have referred to facts which would be properly admitted at the trial of the instant case, no evidence was subsequently offered pertaining to the "South County bombings" or to anyone being murdered or seriously injured therein. This court can conceive of no arguable excuse for such highly prejudicial material to be introduced in an opening statement.

This court has repeatedly stressed for the guidance of United States Attorneys in the Sixth Circuit that this Circuit will enforce the ruling of the Supreme Court in *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935):

The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to

---

* Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, Western Division, sitting by designation.

refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

While we recognize that the District Judge properly struck the objectionable material referred to above from the record and admonished the jury to disregard same, we believe it would have been impossible for the jury completely to obliterate such comment from the U. S. Attorney from their memory in weighing the evidence in this case. Reversed and Remanded.